IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>           v.<br><br>ALFONSO CORNEJO,<br><br>                    Defendant. | CASE NO.  1:12-CR-00184 – AWI - 4<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

## I. INTRODUCTION

The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. The Government recognizes that application of the modified drug quantity table in USSG § 2D1.1 would result in a lower offense level. However, the Government opposes that motion on the grounds that the defendant's schedule release date is prior to November 1, 2015, the effective date of Amendment 782. In the alternative, the Government requests that the Court reduce the sentence to time served, effective November 1, 2015. For the following reasons, the Court will grant the motion, effective November 1, 2015.

## II. DISCUSSION

"Section 3582(c)(2) authorizes district courts to modify an imposed 'in the case of a defendant

1

who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)). A reduction pursuant to Section 3582(c) is a two-step inquiry. *Dunn*, 728 F.3d at 1155 (citing *Dillon v. United States*, 560 U.S. 817, 825-826 (2010)). First, the court must determine whether the defendant is eligible for a modified sentence pursuant to USSG § 1B1.10. *Dunn*, 728 F.3d at 155. If the first question is answered in the affirmative, the court must consider the applicable § 3553(a) factors to determine whether a reduction is warranted under the circumstances of the case. *Dunn*, 728 F.3d at 1155.

As to the first step, effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants. *See* USSG § 1B1.10(d); 79 Fed. Reg. 44,973. In determining whether to grant a reduction pursuant to Section 3582(c)(2) the court substitutes only the amendments authorized for retroactive application and leaves all other guidelines unaffected. USSG § 1B1.10(b)(1). Any reduction granted must become effective no sooner than November 1, 2015. *See* USSG § 1B1.10(e).

On March 25, 2013, the defendant entered into a plea agreement with the Government wherein he agreed to plead guilty to conspiracy to manufacture, to distribute, and/or to possess with the intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Doc. 46. The defendant acknowledged that the 8,876 plants were involved in the grow operation. According to Note E to the Drug Quantity Table of Section 2D1.1, each plant is to be treated as the equivalent of 100 grams of marijuana. Defendant was therefore responsible for 887.6 kilograms of marijuana. Under the 2012 edition of United States Sentencing Guideline Manual, the defendant's initial base offense level was 30 pursuant to § 2D1.1(c)(5) (2012). The Court then applied a two-level safety valve reduction pursuant to USSG § 5C1.2, a two-level minimal-participant role reduction pursuant to USSG § 3B1.2(b), and a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b), resulting in a total offense level of 23. The defendant's criminal history category was I, resulting in a sentencing range of 46 to 57 months. Because the defendant qualified for the safety valve, the Court was permitted to sentence below the statutory mandatory minimum. *See* 18 U.S.C. 3553(f); USSG § 5C1.2. The Court

sentenced the defendant to a term of 46 months of imprisonment, representing the low end of the Guideline Range. Doc. 21.

The sentencing range applicable to the defendant has subsequently been lowered by the United States Sentencing Commission in Amendment 782. The defendant's base offense level has been lowered from 30 to 28. *See* USSG § 2D1.1(c)(4). Leaving all other guidelines unaffected, i.e. applying a three-level reduction for acceptance of responsibility, a two-level minimal-participant role reduction, and a two-level safety valve reduction, the defendant's total offense level is lowered from 23 to 21. Based on an offense level of 21 and a criminal history category of I, the defendant's amended guideline range is 37 to 46 months.

Section 1B1.10(b)(2)(C) of the United States Sentencing Guidelines prohibits a court from reducing a term of imprisonment below the term that the defendant has already served.  Section 1B1.10(e)(1) provides that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."[1]  The defendant will have completed his original term of 46 months – according to the BOP calculation – on September 23, 2015.[2]  The defendant notes in his reply that the BOP calculation takes into account time credits already earned but subject to loss and anticipates credits that the defendant has yet to earn. He contends that his sentence could, if not given the benefit of those credits, extend past the November 1, 2015 effective date of Amendment 782. No part of Section 1B1.10 prevents this Court from ordering a reduction effective November 1, 2015, conditioned on Defendant still being in custody, so long as the modified sentence is not less than the term of imprisonment the defendant has already served on that date. *See* USSG §1B1.10. Accordingly, the first step of the Section 3582(c)(2) inquiry is met; with the limitations noted, the defendant is eligible for a modified sentence.

As to the second step, this Court has considered the Section 3553(a) factors and, for the same reasons that it ordered a sentence at the low end of the Guideline Range at the defendant's sentencing on August 27, 2012, the Court finds that the Section 3553(a) factors support a sentence at the low end of

---

[1] *See generally*, *United States v. Cano*, 2015 WL 1983152 (E.D. Cal. May 1, 2015); *United States v. Navarro*, 2015 WL 1814314 (E.D. Cal. Apr. 20, 2015).

[2] *See* http://www.bop.gov/inmateloc/ (last accessed May 13, 2015).

the amended guideline range, or a sentence of time served on the effective date of Amendment 782. Accordingly, the defendant's motion for reduction of sentence will be granted.

### III. ORDER

IT IS HEREBY ORDERED that the term of imprisonment imposed on July 8, 2013, reflected in the judgment dated July 10, 2013, is reduced to a term of 37 months, effective as of November 1, 2015. If this sentence is less than the amount of time the defendant has already served as of November 1, 2015, the sentence is reduced to a time served sentence. If the defendant is released from custody before November 1, 2015, this order will be of no effect. In no event is this Order to be understood as authorizing release prior to November 1, 2015 or authorizing a term of imprisonment less than the term actually served on November 1, 2015.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, an effective date of the amended judgment as November 1, 2015, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, the defendant shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:   May 13, 2015                            _____
                                                 SENIOR  DISTRICT  JUDGE